UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL SNYDER,

        Petitioner,        Case No. 1:12-cv-1242

v.        Honorable Paul L. Maloney

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Michael Snyder presently is incarcerated at the West Shoreline Correctional Facility. Following a jury trial, Petitioner was convicted of three counts of second-degree criminal sexual conduct (CSC II), in violation of MICH. COMP. LAWS § 750.520c. On April 17, 2009, the Wayne County Circuit Court sentenced him as a fourth-felony offender, MICH. COMP. LAWS § 769.12, to three concurrent prison terms of 4 to 20 years. Petitioner did not appeal from the April 17, 2009 conviction.

Petitioner's criminal case, however, had a lengthy state-court history preceding the 2009 jury trial. Petitioner's first jury trial began on December 5, 2005. On December 8, 2005, the jury acquitted Petitioner of two counts of first-degree criminal sexual conduct (CSC I) and hung on the three remaining counts of CSC II. The court declared a mistrial on the CSC II counts, and a new trial was scheduled. On February 23, 2006, the complaining witness did not appear for trial, and the trial court dismissed the case without prejudice. The prosecution sought reconsideration, which was denied on March 15, 2006. The prosecutor then appealed to the Michigan Court of Appeals. On September 14, 2006, the court of appeals summarily reversed the dismissal and remanded the case for trial. Retrial began in April 2007. On April 16, 2007, after the prosecution had repeatedly failed to adhere to the court's ruling about proper areas of questioning, the trial court dismissed the case with prejudice for failure to comply with the court's orders. The prosecutor appealed, and, on October 28, 2008, the Michigan Court of Appeals reversed and remanded the case. On motion by the prosecutor, the court of appeals issued an opinion on December 11, 2008, clarifying its October

28, 2008 decision. Petitioner was then retried. His judgment of conviction was entered on April 17, 2009.

Although Petitioner did not appeal from the April 17, 2009 judgment, Petitioner claims that, on September 19, 2011, he filed a delayed application for leave to appeal to the Michigan Supreme Court from the October 28, 2008 decision of the Michigan Court of Appeals. He asserts that the supreme court denied the application on December 28, 2011. Petitioner's statement, however, is not corroborated by any of his attached exhibits, nor is it found in the state court records of Petitioner's appellate proceedings, which show that Petitioner failed to file any new appeal or any document in an existing appellate case after the court of appeals issued its clarification in Michigan Court of Appeals Case No. 27798 on December 11, 2008. *See* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=Snyder+Michael&CourtType_PartyName=3&PageIndex=0 (Nov. 20, 2012).

In his habeas application, Petitioner appears to raise claims of prosecutorial misconduct and ineffective assistance of counsel.

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to his habeas application, Petitioner did not appeal his conviction to the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the

judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year from the date of his conviction, or until Monday, April 19, 2010, in which to a file delayed application for leave to appeal to the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3) (superceded June 2011). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that the judgment becomes final when the petitioner's time expires for seeking state-court review). Consequently, Petitioner's conviction became final on April 19, 2010.

Petitioner had one year, or until April 19, 2011, in which to file his habeas application. Petitioner filed on or about November 5, 2012.[2] As a consequence, absent tolling, his application is time-barred.

Petitioner asserts that he filed a delayed application for leave to appeal to the Michigan Supreme Court on September 19, 2011 from the December 11, 2008 Michigan Court of Appeals decision vacating the dismissal of his case and remanding for trial. As previously discussed, Petitioner's representation is not supported by the state-court record. Moreover, even if it had been submitted, his application would have been grossly untimely – and therefore not properly filed – under the Michigan Court Rules. *See* MICH. CT. R. 7.302(C)(3) (limiting the time for filing a

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on November 5, 2012, and it was received by the Court on November 14, 2012. Thus, it must have been handed to prison officials for mailing at some time between November 5 and November 14, 2012. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

delayed application for leave to appeal to the Michigan Supreme Court to 56 days after issuance of the Michigan Court of Appeals decision).

In any event, even if the September 19, 2011 application actually were filed and were deemed properly filed, it could not toll Petitioner's statute of limitations. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired on April 19, 2011, his application for leave to appeal, ostensibly filed on September 19, 2011, could not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of

limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:   November 30, 2012             /s/  Joseph G. Scoville
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).