UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SNYDER, #221725,       )
    Petitioner,            )
                               )      No. 1:12-cv-1242
-v-                            )
                               )      HONORABLE PAUL L. MALONEY
MARY BERGHUIS,                 )
    Respondent.           )
_____)

**OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION**

On November 14, 2012, state prisoner Michael Snyder filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 2) that Mr. Snyder's petition be denied as time-barred. Before the court today is Mr. Snyder's timely objection to the Report and Recommendation. (ECF No. 3.)

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's Report and Recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II. DISCUSSION

In his section-2254 petition, Mr. Snyder recounted an incomplete procedural history of his prosecution. In particular, he failed to discuss any of the actions taken between his conviction in April 2010 and his Application for Leave to Appeal to the Michigan Supreme Court on September 19, 2011. Because his state case was mistakenly docketed under the name "Michael Synder," a docket search also failed to disclose any of Mr. Snyder's appellate filings. Based on the reasonable assumption that no such filings existed, the magistrate judge entered an R&R that Mr. Snyder's petition be dismissed as time-barred. (ECF No. 2.)

The magistrate judge's legal reasoning was not incorrect. But it was based on incomplete facts. In his objection, Mr. Snyder produced documents demonstrating that he did in fact appeal his conviction and that his Application for Leave to Appeal was timely. These filings are confirmed by the state court's docket, located under the misspelled version of Mr. Snyder's name.[1]

Because the R&R's reasoning does not apply to the facts as they are now known, the court will reject the R&R so that the magistrate judge can undertake the required preliminary review based on a complete procedural record.

---

[1] *See* Michigan Courts, Case Search, *available at* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=synder+michael&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0 (April 16, 2013).

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 2) is **REJECTED**.

**IT IS SO ORDERED.**


Date: April 17, 2013                              /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge